UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEGAL MAIL
PROVIDED TO
FLORIDA STATE PRISON
DATE 7-31-06 FOR MAILING.
INMATES INITIALS V/R

VINCENT F. RIVERA #578548,
   PETITIONER(S)/PLAINTIFF(S),

V.

FLORIDA STATE PRISON STAFF, COL. R. DIXON (FSP), MAJ. W. MUSE (FSP), CAPT'N R. MCGREGOR (FSP), LT. G. ANDERS, LT. C. JOHNS, LT. W. HINSON, LT. W. LEE, LT. W. WRIGHT, LT. A.P. SMITH, ASST. WARDEN R. POLK, ASST. WARDEN W. DIXON, CPO JEFF MCCLELLAN, CAPT'N LEMAR GRIFFIS, SGT. BRYAN GRIFFIS, CAPT'N KEN LUMPP, REG. DIR. BRADLEY CARTER, CPO RANDY SCROGGINS, CPO BRENDA WHITEHEAD, CPO BARRY REDDISH, DR. VICTOR SELYUTIN, MD, DR. E. MADAN, MD, DR. P.K. SPRINGER, PSYCH. SPEC., DR. MARK POSTEN, D.D.S., AND WARDEN R. BRYANT (FSP), OFFICIALLY AND PERSONALLY, ETC., ET AL;
   DEFENDANTS-RESPONDENTS.

COMPLAINT - JURY TRIAL DEMANDED
JURISDICTION: 18 USC § 3626
VENUE: 28 USC § 1391(e)
CS. NO.

SEN. VICTOR CRIST (R-TAMPA)
JEB BUSH, GOVERNOR,
CHARLES CRIST ATTY. GEN.,
TOM GALLAGHER, AUDITOR GENERAL, U.S. SEN. - DEB SCHULTZ, D-FLA, ROD SMITH, STATE SEN. JAMES MCDONOUGH, FDOC SEC'Y, & JEFFERY MCCLELLAN (FSP).

PETITIONER(S)/PLAINTIFF(S) SUES THE ABOVE-NAMED DEFENDANTS-RESPONDENTS, AND ALLEGES:

COUNT 1
DEPRIVATION OF CIVIL RIGHTS 42 USC §§ 1981, 1983, 1985(3), AND 1997 (d) & (e), FOR VIOLATIONS OF PLAINTIFF(S)/PETITIONER(S) RIGHTS UNDER THE 1ST, 4TH, 5TH, 8TH, 10TH, 13TH, 14TH, 15TH, & 24TH AMDTS;

COUNT 2
CONSPIRACY TO DENY PLAINTIFF(S)/PETITIONER(S) FEDERAL CONSTITUTIONAL RIGHTS;

COUNT 3
PENDENT STATE CLAIM FOR CONSUMER FRAUD;

COUNT 4
PENDENT STATE CLAIM FOR WIRE FRAUD § 934.01 F.S. (2005);

LEGAL MAIL
PROVIDED TO
FLORIDA STATE PRISON
DATE 7-31-06 FOR MAILING.
INMATES INITIALS V/R

VJP

COUNT 5

PENDENT STATE CLAIM FOR VIOLATION OF THE FLORIDA PHARMACY ACT, § 465.031 F.S.

* * *

STATEMENT OF FACTS.—

Prison officials at Florida State Prison (Defendants/Respondents) are engaged in a continuing criminal enterprise (CCE). Prison doctors file false invoices with pharmaceutical firm Terry Yon and Associates (TYA); which is subcontracted by Wexford Health Services; for supplies of commonly prescribed medicines and specialty drugs. The Atropamentarium is shipped direct from pharmaceutical houses contracting with the Florida Department of Corrections (FDOC). Once received at FDOC's four (4) cluster pharmacies — viz. FSP/UCI, N.F.R.C., C.F.R.C., & S.F.R.C.; where the drugware is stored. The medications that are not distributed to FDOC's fifty seven (57) facilities (statewide), is repackaged in unit dosings by (TYA), and purportedly returned to the drugmaker; when actually mailed to phantom corporations established by and for Wal-Mart Stores Inc., Rite-Aid Corp., and Lakeshore Systems Services Inc's (LSSI), (parent company Relife Inc. (a.k.a. HealthSouth Corp.). The prescription drugs are subsequently re-packaged and resold to the public (bait & switch) for profit, sounding in consumer fraud (ghost-addresses/mail drops). See 18 USC § 1341.

Prison security officers subject prisoners to unlawful and unconstitutional torture tactics, to deflect their attention from the states clandestine drug diversion operation. Food torture, diet manipulation, and restricted diet, are widely used procedures authorized by correctional officer supervisors (defendants-respondents). The petitioners/plaintiffs has made numerous attempts at seeking remediation through the FDOC's administrative grievance procedure at all included levels, to no avail. FSP officials believed that their CCE was a well-guarded secret. And only continued to conceal their illicit purpose in dangerous drug diversion and illegal killings, by and through false recordkeeping (cooking the books on pharmacy supplies). Prison doctors that facilitate drug-related crimes invalidate their federal controlled substance registrations, and thus prescribe lethal drugs unlawfully. Practicing medicine without a license is a federal crime (medical fraud), as well as a state infraction. When Mr. Rivera (plaintiff/petitioner) filed his administrative grievances with FSP/FDOC officials; alleging violations of the Dangerous Drug Diversion Control Act, P.L. No. 98-473, Title II, § 511, 98 Stat. 2073; the Food, Drug, and Cosmetic Act, 21 USC § 355; the Generic Drug Enforcement Act, 21 USC §§ 335(a)—335(c); the Comprehensive Drug Abuse Prevention and Control Act, 21 USC § 801 et seq (Florida version, § 893.01 F.S.), and

If prison medical doctors are required by Florida law (§ 33-601.901(3)(B) F.A.C.) to prescribe lethal drugs for state executions — viz. sodium thiopental, pancuronium bromide, & potassium chloride). FDOC pharmacists are required to prepare the lethal drugs. The deliberate disregard for federal antidrug policy by doctors & pharmacists, invalidates their licenses. Leaving 85,000 prisoners in the care of persons (state actors) practicing

- THE PHARMACY ACT, § 465.031 F.S., PRISON OFFICIALS CONSPIRED TO RETALIATE AGAINST HIM; WRITING A FRIVOLOUS DISCIPLINARY REPORT AND PLACING HIM ON A MANAGEMENT MEAL (LOAF), FOR TWENTY FOUR (24) MEALS. WHICH EXCEEDS THE LEGAL LIMIT OF (21) BY A FULL 24-HOUR MEAL CYCLE. SEE § 33-602.223 F.A.C. THEREBY OPENING THE DOOR TO THE STATE'S ILLEGAL FOOD REDEMPTION OPERATION INVOLVING FOOD SERVICE CONTRACTORS ARAMARK INC., SYSCO CORP., TRINITY SERV. CORP., VELDA FARMS, FLOWERS FOODS, PLM TRAILER LEASING, AND KEEFE COMMISSARY NETWORK (DISC. REPT. # 205-061769).

* * *

RELIEF SOUGHT.—

THE NATURE OF THE RELIEF SOUGHT IS AS FOLLOWS:

A.) AN AWARD OF MONEY DAMAGES IN THE AMOUNT OF FIFTEEN TRILLION DOLLARS ($15,000,000,000,000.00), IN U.S. CURRENCY &/OR E.U. EUROS, &/OR CHINESE YUAN, AT THE CURRENT RATE OF EXCHANGE PER NASDAQ, STANDARD & POOR, NYSE, AND DOW JONES INDUSTRIAL AVERAGE;

B.) AN ORDER ENJOINING DEFENDANTS-RESPONDENTS AND THEIR SUBORDINATES FROM ENGAGING IN ANY FURTHER VIOLATIONS OF MR. RIVERA'S LEGAL RIGHTS, INCLUDING WITHOUT LIMITATION, VIOLATIONS OF THE FEDERAL ORGANIZED CRIME CONTROL ACT, 18 USC § 3576, AND FLORIDA'S SUNSHINE LAW, § 286.011 F.S.;

C.) AN ORDER DECLARING THE RIGHTS OF THE PARTIES,

D.) AN AWARD OF COSTS AND EXPENSES, INCLUDING WITHOUT LIMITATION, REASONABLE ATTORNEYS' FEES; AND,

E.) GRANTING TO PETITIONER(S)/PLAINTIFF(S) SUCH OTHER AND FURTHER RELIEF AS TO THE COURT MAY SEEM JUST AND PROPER.

DATED: 7.31.06.

RESPECTFULLY SUBMITTED,

[signature]

VINCENT F. RIVERA #153948
FLORIDA STATE PRISON
7819 NW 228TH ST
RAIFORD, FL 32026
PRO SE

---

MEDICINE WITHOUT A VALID LICENSE. WHICH EMBRACES THE CRUEL AND UNUSUAL PUNISHMENT STANDARD OF ESTELLE V. GAMBLE, 429 US 97, 106 (1976); AND UNDERCUTS THE FEDERAL ANTI-TORTURE BAN, AS WELL. BUT CF CLARENCE HILL V. STATE OF FLA. (11TH CIR. 2005), IN RE KEMMLER, 136 US 436 (1890); POLAND V. STEWART, 117 F.3d 1094 (9TH CIR. 1997).